# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GRAPHIC PACKAGING INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION ON BEHALF OF LOCAL NO. 2-1010 <br><br> Defendant. | Case No.: |

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF

## INTRODUCTION

The parties to this dispute are themselves party to a collective bargaining agreement ("CBA") that is scheduled to expire on January 26, 2027. The dispute arises out of a grievance filed by Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied, Industrial and Service Workers Union, Local 2-1010

("Union" or "Defendant") over retirement benefits on behalf of *former* employees of Plaintiff-Employer, Graphic Packaging International, LLC ("GPI" or "Plaintiff"). The Union filed a grievance and pursued arbitration through the American Arbitration Association ("AAA"). However, the CBA expressly confines access to the contractual grievance-arbitration apparatus to active (as opposed to retired) employees – thereby rendering the grievance at-issue here non-arbitrable.

Plaintiff has unequivocally preserved argument at all stages of the grievance-arbitration process, culminating with the assignment of a labor arbitrator by the AAA. Undeterred, the Union has refused to retreat from its position. As a result, the AAA and the arbitrator await a judicial determination as whether the dispute is arbitrable. Under the Labor Management Relations Act, 29 U.S.C. §185, and the Supreme Court's decision in *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643 (1986), federal courts serve as the "gatekeepers" having the primary responsibility to decide whether a particular dispute is arbitrable under the parties' agreement. GPI seeks a judicial declaration that this dispute is not arbitrable under the parties' agreement. Accordingly, the arbitration proceeding should be stayed during the Court's deliberation and, ultimately, dismissed as not arbitrable.

## PARTIES AND JURISDICTION

1. Plaintiff GPI is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1500 Riveredge Parkway NW, Atlanta, Georgia.

2

2. Defendant, upon information and belief, is a labor organization and an unincorporated association with offices located 3306 Mindie Lane, Kalamazoo, Michigan.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §185. Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, which authorizes this Court to decide issues involving breach of a collective bargaining agreement and to stay any arbitration proceedings commenced or about to be commenced in the absence of any agreement or provision for arbitrating the underlying grievance.

4. Plaintiff seeks a declaratory judgment under 28 U.S.C. §2201.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the events giving rise to the claims in this action occurred in substantial part in this District.

## FACTS

6. GPI is a leader in consumer packaging solutions. Relevant to the instant dispute, GPI operates facilities located at 1500 N. Pitcher St., Kalamazoo, Michigan.

7. GPI employs workers represented by Defendant Union under a collective bargaining agreement (the "CBA"). A true and correct copy of the CBA applicable to the instant matter is attached as **Exhibit A**.

8. The Union has instituted arbitration proceedings with the American Arbitration Association (AAA) in Kalamazoo, Michigan in breach of the CBA between GPI and the Union.

9. The CBA contains a grievance and arbitration procedure for the resolution of certain disputes.

10. Article VII, Section 1 of the CBA states:

All differences as to the meaning and application of the provisions of this agreement, or as to any question relating to wages, hours of work, or other conditions of employment of *any employee* shall be taken up as hereinafter set forth. (Italics added for emphasis).

11. Thus, the CBA expressly requires one to be an actual "employee" to be able to utilize the CBA's grievance and arbitration procedure.

12. The term "employee" is defined in the very first article of the CBA, Article I, which is entitled "Definition of Employee."

13. The full text of Article I reads:

The term "employee" as used in this Agreement refers to all persons *employed by* the Packaging Business of Graphic Packaging International, Inc. in the Kalamazoo, Michigan area, in any and all departments excepting: Officers, Executives, Managers, Superintendents, Assistant Superintendents, Foremen, Assistant Foremen, Office Employees, Watchmen, and Drivers in the Motor Truck Division. (Italics added for emphasis).

14. On January 24, 2024, the Union filed a grievance on behalf of retired, former, inactive employees of GPI with respect to Medicare Part B benefits (the "Grievance"). A true and accurate copy of the Grievance is attached as **Exhibit B**.

15. GPI responded to the Grievance and denied it on the grounds that: (1) it is not substantively arbitrable; and (2) no CBA violation occurred. A true and accurate copy of GPI's response is attached as **Exhibit C**.

16. The Union then filed a demand for arbitration with AAA, pursuant to Article VII, Section 2 of the CBA.

17. GPI's counsel promptly objected to the AAA's initiation of an arbitration case. A true and correct copy of GPI's counsel's objection is attached as **Exhibit D**.

18. Thereafter, Arbitrator Charlie Ammeson was selected by the parties and appointed by AAA to arbitrate the dispute, with GPI preserving its objections and selecting the Arbitrator only to preclude the AAA or an arbitrator from moving forward with the case in absentia and to protect its rights and its position that the dispute is not arbitrable.

19. The Union insists on pursuing the matter through arbitration – however, it thus far has declined to file an action in federal court seeking to compel arbitration.

20. The AAA has declined to halt or terminate its proceedings unless a court orders it to do so. Arbitrator Ammeson has thus far expressed an intent to continue with the proceeding, unless and until a court orders AAA to stay and/or dismiss the arbitration proceeding.

## COUNT I: BREACH OF CONTRACT

21. GPI incorporates by reference the allegations set forth in each of the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

22. Article VII of the CBA expressly limits grievances to "employees."

23. Article I of the CBA defines an "employee" as individuals who are "employed" by GPI.

24. Nevertheless, Defendant persisted with filing and advancing the Grievance on behalf of **former**, inactive employees.

25. Defendant's action to pursue a grievance exclusively on behalf of retirees whom it explicitly agreed to exclude from the CBA and its grievance-arbitration mechanism is in derogation of the clear and unambiguous terms of the CBA, and violates Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a).

26. Defendant has breached the CBA by filing and pursuing an arbitration claim with AAA that is rendered clearly and unambiguously non-arbitrable by virtue of the express terms of the CBA.

27. Defendant's actions have caused and will cause harm to GPI unless the AAA arbitration proceeding is stayed and ultimately dismissed.

28. Any determination as to arbitrability of the present dispute is in the first instance a matter for judicial determination, and this Court is empowered under Section 301 of the Labor Management Relations Act to enforce the terms of the CBA.

## COUNT II: DECLARATORY JUDGMENT

29. GPI incorporates by reference the allegations set forth in each of the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

30. GPI requests that this Court declare that the subject matter of the arbitration proceeding currently pending with the American Arbitration Association before Arbitrator Emmeson presents a question that is for this Court and not for the arbitrator.

6

31. GPI requests that this Court declare that the Union has waived the right to pursue a grievance or arbitration relating to non-employees by express language within the CBA.

32. GPI further requests that this Court declare that the Grievance is not subject to the grievance or arbitration provisions of the CBA by its express terms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GPI prays for judgment against Defendant and respectfully requests this Court:

(a) promptly hear this matter and stay the arbitration proceedings commenced by Defendant against Plaintiff GPI before the American Arbitration Association;

(b) enter judgment in favor of Plaintiff GPI and against the Defendant Union on Count I;

(c) enter declaratory judgment in favor of Plaintiff GPI and against Defendant Union as requested under Count II; and

(d) grant such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Stephen R. Gee*
Stephen R. Gee
**FISHER & PHILLIPS LLP**
300 Park Street, Suite 370
Birmingham, MI  48009
TEL: (248) 540-7041
FAX: (248) 540-8059
Email:  sgee@fisherphillips.com

ATTORNEY FOR PLAINTIFF

FP 57109288.1
FP 57208447.1

## **VERIFICATION**

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: October 6, 2025.

*Elishia Wohlers*
Elishia Wohlers
Human Resource Manager
Graphic Packaging International, LLC

FP 57109288.1